UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOHN MICHAEL JOSEPH DEAN REAGAN, SR., | Case No. 2:19-cv-01705-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| EOCI (DOC); SUSAN WASHBURN; LT. TACKETT; OFFICER D. JOHNSON, | |
| Defendants. | |

MCSHANE, District Judge:

Plaintiff, an inmate at Eastern Oregon Correctional Institution (EOCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged that defendants violated his rights to be free from unreasonable searches and cruel and unusual punishment. Defendants now move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies and the undisputed facts do not establish a constitutional deprivation. The record shows that defendants' search of plaintiff was supported by a legitimate penological interest, and defendants' motion for summary judgment is granted.

1 -   OPINION AND ORDER

DISCUSSION

Plaintiff alleges that on June 26, 2019, Lt. Tackett and Officer Johnson supervised unclothed searches of every inmate in plaintiff's housing unit, E4, after officials received a report of a weapon. To conduct the searches quickly, inmates were moved to a nearby activity room and searched in three separate areas: a bathroom, the "east tier" behind a folded, upright ping pong table, and the "east tier" near the north wall. Washburn Decl. Att. 3. Plaintiff contends that he was the last inmate searched, and instead of escorting plaintiff to a more private location, Officer Johnson ordered plaintiff to be searched in an open area and in view of other inmates and several correctional officers. Pl.'s Decl. ¶ 3. Plaintiff alleges that other inmates "heckled" him and Lt. Tackett failed to intervene. *Id.* ¶¶ 3, 5.

Defendants move for summary judgment on grounds that plaintiff failed to exhaust the administrative grievance process, and, alternatively, that the search did not exceed the bounds of constitutionally-permitted searches within a prison setting. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. 42

U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison grievance process. *Woodford v. Ngo,* 548 U.S. 81, 90 (2006).

If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. This burden is met when the prisoner shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the prisoner's attempts to exhaust or failed to follow grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

Defendants argue that plaintiff filed no grievances regarding the circumstance of his unclothed search and made no attempt to exhaust the prison grievance process. *See* Sobotta Decl. ¶ 12. In response, plaintiff maintains that he completed a timely grievance form and submitted it in the "receptable established at EOCI for grievances to be filed." Pl.'s Resp. at 2.[1] Plaintiff asserts that the inmate copy of his grievance was lost after he was transported from EOCI to Oregon State Penitentiary in January 2020. Pl.'s Decl. ¶ 7. Plaintiff claims that he never received a response to his grievance and his failure to exhaust should be excused.[2]

---

[1] At the time of plaintiff's search, an inmate was required to file a grievance within thirty days of the alleged condition or incident. *See former* Or. Admin. R. 291-109-0150(2). ODOC's grievance process now requires inmates to file a grievance within fourteen days of the condition or incident unless the inmate "can satisfactorily demonstrate why the grievance could not be timely filed." Or. Admin. R. 291-109-0205(1).

3 -   OPINION AND ORDER

Construing all inferences in favor of plaintiff, a question of fact arguably exists as to whether plaintiff submitted a grievance and whether defendants failed to follow grievance protocol. Accordingly, I deny summary judgment on this ground.

B.  Claims Against ODOC, EOCI, and Superintendent Washburn

Plaintiff brings claims against ODOC, EOCI, and Washburn, the Superintendent of EOCI. Plaintiff can sue only "persons" under § 1983, and ODOC and EOCI are not persons; they are arms of the State and immune from damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Further, liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that Superintendent Washburn authorized or personally participated in the search or engaged in any conduct that would subject her to liability under § 1983. Accordingly, summary judgment is granted in favor of ODOC, EOCI, and Superintendent Washburn.

C.  Reasonableness of the Search

Defendants next argue that the unclothed search of plaintiff did not violate his constitutional rights, because the search served a reasonable penological interest and was not excessive or harassing. I agree.

---

[2] To the extent plaintiff intended to raise a separate claim based on the lack of response to his grievance, "prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure.'" *Fairley v. Shelton*, 664 Fed. App'x 616, 617 (9th Cir. 2016) (citation omitted); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure).

4 -   OPINION AND ORDER

Generally, unclothed searches of inmates in order to detect contraband do not violate a prisoner's constitutional rights. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012) (upholding routine, unclothed searches of detainees entering detention facilities); *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979) (finding unclothed searches conducted after contact visits to be reasonable under the Fourth Amendment). Only if an unclothed search is "'excessive, vindictive, harassing, or unrelated to any legitimate penological interest'" will it rise to the level of a constitutional deprivation. *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (quoting *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)). To determine whether the search of plaintiff was reasonable, this Court must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it was conducted. *Bell*, 441 U.S. at 559.

It is undisputed that Lt. Tackett and Officer Johnson ordered or conducted the unclothed searches to determine whether a weapon was present in the unit. *See* Washburn Decl. Att. 3. Further, plaintiff does not allege that his particular search was vindictive or conducted to inflict pain or embarrassment, or that any prison official acted in bad faith. Rather, plaintiff argues that the location of his search rendered it unreasonable, because the search was not conducted in a private area. Pl.'s Resp. at 3; Pl.'s Decl. ¶ 4. Plaintiff apparently was searched in the east tier area that afforded little privacy, and defendants admit that plaintiff may have been searched in view of other inmates and one security camera. Defs.' Mot. Summ. J. at 4.

As noted, the report of a weapon provided a sufficient penological justification to conduct unclothed searches of inmates in E4 to detect contraband and ensure the safety of inmates and corrections staff. *Florence*, 566 U.S. at 332-33; *Bell*, 441 U.S. at 558-60. While plaintiff's search occurred in view of other inmates, he alleges an isolated incident and no evidence suggests that

5 -   OPINION AND ORDER

defendants targeted plaintiff or other inmates for humiliation or embarrassment. *See Michenfelder*, 860 F.2d at 333 (upholding routine, unclothed searches conducted in prison hallways and occasionally in the presence of female guards, stating that the court would "not question [officials'] judgment that conditions in Unit Seven reasonably require searches outside the prisoners' cells in order to protect the safety of the officers conducting them"). In these circumstances, the unclothed search of plaintiff did not rise to the level of a constitutional deprivation.

Even if the search could be found excessive or unreasonable, Lt. Tackett and Officer Johnson are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted). Given the circumstances and the penological justification for the search, reasonable officers would not have known that their conduct violated plaintiff's constitutional rights. *Michenfelder*, 860 F.2d at 333.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 12) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 11th day of March, 2021.

      s/ Michael J. McShane
      MICHAEL J. MCSHANE
      United States District Judge